UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRAINE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 4742 |
| v. ) | |
| ) | Judge John W. Darrah |
| FIRST NATIONAL COLLECTION ) | |
| BUREAU, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lorraine Smith, alleges that Defendant, First National Collection Bureau, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), by making false representations in a collection letter sent to Plaintiff. Both Plaintiff and Defendant have moved for summary judgment.

## UNDISPUTED FACTS

Defendant, First National Collection Bureau, Inc., is a debt-collection agency that collects debts for Applied Card Bank ("ACB"), including Cross Country Bank Accounts.[1] (Defendant's 56.1(a)(3) at ¶ 4.) On or about May 22, 2006, First National sent Plaintiff, Lorraine Smith, a collection letter, seeking to collect a debt owed to ACB by Plaintiff. (Defendant's 56.1(a)(3) at ¶ 10.) The letter stated that the "Amount of Claim(s)" was $1,786.26, the "Interest" was $0.00, and that the "Total Due" was $1,786.26. (Defendant's 56.1(a)(3) at ¶¶ 11, 12.) (Plaintiff's

---

[1] Neither party defines the precise relationship between Applied Card Bank and Cross Country Bank. However, because the two appear to be closely related and because both parties use the names interchangeably, for the sake of simplicity, Applied Card Bank will be used to refer to both entities in this opinion.

1

56.1(a)(3) at ¶¶ 10, 11.) The "Amount of Claim(s)," $1,786.26, represented the amount that was assigned to First National by ACB for collection. (Plaintiff's 56.1(a)(3) at ¶ 12.) That amount included late fees, service fees, any other charges that ACB charged Plaintiff in addition to interest that had accrued on Plaintiff's account while it was with ACB. (Plaintiff's 56.1(a)(3) at ¶ 13.)

The dispute between the parties centers on the meaning of the statement in the collection letter, "Interest: $0.00." According to Defendant, this statement indicated that no interest had accrued on the amount Defendant attempted to collect from Plaintiff, $1,786.26, since the time that the original creditor, ACB, charged off that amount. (Plaintiff's 56.1(a)(3) at ¶ 14.) Plaintiff argues that the word interest can also refer to finance charges accrued prior to charge-off and that because substantial interest had accrued prior to charge-off, the statement that interest was zero dollars was false. (Plaintiff's response to Defendant's 56.1(a)(3) at ¶ 12.)

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) when no genuine issue of material fact exists or when, drawing all factual inferences in favor of the nonmoving party, no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992).

One of the "principal purposes" of awarding summary judgment is to "isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

2

(1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court that there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson*, 477 U.S. at 254-56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

## ANALYSIS

The FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among those practices specifically barred by the Act is "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e (10). The Court of Appeals for the Seventh Circuit has held that literally false statements in a debt collection letter violate § 1692e as a matter of law but that the question of whether a statement is deceptive or misleading is a matter of fact, rather than law. *See Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996) (*Avila*); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999). Summary judgment in favor of a plaintiff may be appropriate when an FDCPA violation is clearly evident on the face of the collection letter. *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005) (*Durkin*) (citing *Avila*, 84 F.3d at 226-27). However, "mere speculation that a collection letter confuses the unsophisticated debtor is not enough for an FDCPA plaintiff to survive an opposing debt collector's summary judgment motion." *Durkin*, 406 F.3d at 415 (citing *Pettit v. Retrieval*

3

*Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061 (7th Cir. 2000) (*Retrieval Masters*)). Thus, in situations in which the letter does not clearly indicate a violation, "the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Durkin*, 406 F.3d at 415 (citing *Taylor v. Cavalry, Inc., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004 (*Taylor*); *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004). The Court of Appeals for the Seventh Circuit has indicated that this need for additional evidence, often referred to as "extrinsic evidence," might be met through the use of a consumer survey or possibly an appropriate expert witness. *Durkin*, 406 F.3d at 415 (citing *Taylor*, 365 F.3d at 575; *Retrieval Masters*, 211 F.3d at 1062).

In support of her motion for summary judgment, Plaintiff argues that the statement in the letter regarding the amount of interest is false, rather than merely misleading or confusing, and that, therefore, no extrinsic evidence is required in order for her to prevail. Plaintiff points out that her debt consisted of $1,226.19 principal and $560.19 interest and that, thus, the statement "Interest: $0.00" is clearly false. Plaintiff's argument raises the issue of the definition of the term interest. If interest is taken to include interest charged by ACB, i.e., pre-charge-off interest, then Plaintiff is correct that the statement is false. Defendant, however, argues that the term interest, as used in the letter, indicates only post-charge-off interest. Under Defendant's reading, the statement "Interest: $0.00," means that Defendant was not attempting to collect post-charge-off interest. Using this more limited meaning of the word interest, the statement would not be false.

Defendant's interpretation of the meaning of the word interest, as used in the letter, is not unreasonable. The breakdown in the letter of the "Total Due" is between "Amount of Claim(s)"

4

and "Interest" rather than between interest and principal. A reasonable inference from this language is that "Interest" refers to interest charged on the amount listed in "Amount of Claim(s)." Furthermore, as Plaintiff points out, it is impossible, or at least highly irregular, for a delinquent credit card debt not to include some amount attributable to interest charges. Both of these factors support Defendant's construction of the statement. In any case, the question at hand is not whether the statement is unclear, ambiguous, or misleading, which it may be to the unsophisticated debtor. Rather, the question is whether the statement is false. Using Defendant's reasonable interpretation of the word interest as used in the letter, the statement is factually correct.

This case is analogous to *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007) (*Barnes*). In *Barnes*, an FDCPA plaintiff alleged that a debt-collection letter violated the statute when it listed the amount then sought by the collection agency, rather than the plaintiff's overall credit card balance, as the "amount of the debt." *Barnes*, 493 F.3d at 839. The court rejected plaintiff's argument that the statement was false, reasoning that the collection agency was the entity that sent the letter and, therefore, "amount of the debt" referred to the amount that the agency was attempting to collect. *Barnes*, 493 F.3d at 840. Here, as in *Barnes*, it is the relationship between the debtor and the collection agency that is central. Statements in the collection letter should be interpreted as relating to that relationship. Viewed in this way, the statement "Interest: $0.00" is an accurate statement. As in *Barnes*, Plaintiff in this case twists the meaning of a term in the letter to make a statement false. Such bizarre and idiosyncratic interpretations of collection letters do not entitle an FDCPA plaintiff to summary judgment.

Because there is no violation of the FDCPA clearly evident on the face of the letter, Plaintiff's motion for summary judgment must be denied.

The next question is whether the letter might violate the FDCPA as confusing or misleading. Statements that are alleged to be misleading or deceptive, in violation of the FDCPA, are evaluated from the viewpoint of the "unsophisticated debtor." *Retrieval Masters*, 211 F.3d at 1060; *Durkin*, 406 F.3d at 414. The unsophisticated debtor is considered "uninformed, naive or trusting." *Durkin*, 406 F.3d at 414 (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564-66 (7th Cir. 2004)). However, he also has a "rudimentary knowledge about the financial world . . . is wise enough to read collection notices with added care, possesses a reasonable intelligence, and is capable of making basic logical deductions and inferences." *Retrieval Masters*, 211 F.3d at 1060 (internal quotations omitted). The unsophisticated debtor "is an objective standard and therefore rejects 'unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters.'" *Jackson v. Midland Credit Management, Inc.*, 445 F.Supp.2d 1015, 1018 (N.D.Ill. 2006) (quoting *Durkin*, 406 F.3d at 414-15).

Defendant argues that it is entitled to summary judgment because, as mentioned above, Plaintiff has offered no extrinsic evidence towards meeting this standard. A plaintiff must allege more than that he or she was confused by a collection letter; the letter must be misleading as judged by the objective standard of the unsophisticated debtor. To meet this standard, extrinsic evidence is required; Plaintiff has offered none. Furthermore, it appears that not even Plaintiff herself was misled by the statement "Interest: $0.00." Plaintiff testified that she knew that the "Amount of Claim(s)," stated in the letter, included interest that she had been charged. Thus, Plaintiff's argument comes down to the observation that a term in the letter could be defined in

6

such a way that a statement in the letter would be false. However, Plaintiff fails to point to a single person who either interpreted the letter in that way or was at all confused or misled by the letter. Because Plaintiff has offered no evidence towards meeting the unsophisticated debtor standard, Defendant is entitled to summary judgment.

Because the letter is found not to violate the FDCPA, it is unnecessary to address whether Defendant could successfully assert a bona fide error defense under § 1692k.

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.

Dated: December 10, 2007

JOHN W. DARRAH
United States District Court Judge